[No. 4278.    Decided July 26, 1902.]

W. M. CROWLEY, *Respondent*, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, *Appellant*.

BUILDING CONTRACTOR'S BOND — ACTION AGAINST SURETY — EVIDENCE.

Although a building contract may have required written authority from the owner for deviations in the plans, yet where the owner orally directed changes made, which were acted upon by the contractor, both parties thereby waived the provisions of

the contract requiring written evidence of alterations, and consequently they could be established by oral evidence in an action between the owner and the surety upon the contractor's bond.

SAME — RIGHT TO OFF-SET CLAIM FOR EXTRAS.

In an action against the surety upon a building contractor's bond to recover the amount of unpaid bills for material the owner was compelled to pay, the defendant is entitled to off-set the value of extra work performed by the contractor, and for this purpose may introduce evidence showing that there was a dispute between the owner and contractor as to the reasonable value of such extras and that the owner, though requested, refused to submit the matter to arbitrators, as by the contract required.

SAME — RECOVERY OF ATTORNEY FEES INCURRED DEFENDING AGAINST LIENS.

In an action against a surety to recover on account of the failure of its principal to comply with a building contract conditioned that the principal should furnish all materials and labor and construct certain buildings, the owner is entitled to recover the amount paid by him to secure a discharge of liens filed against his property on account of materials unpaid for by the contractor, and is also entitled to recover his reasonable expenses and attorney fees in defending against such liens, where the surety neglects to defend the suit after notice.

SAME — LIABILITY OF SURETY UNAFFECTED BY PRINCIPAL'S PARTNERSHIP.

The fact that a contractor who entered into a building contract in his own name had a partner interested with him in the work would not relieve a surety upon such contractor's bond from the obligation to indemnify the owner against a failure to perform the contract, where the work progressed after the discovery of the partnership, without objection thereto by either the owner or the surety.

SAME — COMPLIANCE WITH TERMS OF CONTRACT — EFFECT OF ADDITIONAL PRECAUTIONS.

The fact that the owner required bills for labor and material to be O. K.'d by the foreman in charge of the work, while the building contract provided that all payments should be made upon receipted bills as payments became due, would not release the surety upon the contractor's bond, when it does not appear that the owner paid before the amounts were due under the contract, nor that he refused to pay after they were due.

INTERLINED WRITTEN CONTRACT — ADMISSIBILITY IN EVIDENCE.

Where interlineations and corrections in a written contract involved in the action are shown to have been made before it was signed, it is properly admissible in evidence.

Appeal from Superior Court, King County.—Hon. WILLIAM R. BELL, Judge.   Reversed.

*James B. Murphy,* for appellant.

*Kerr & McCord,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—On December 6, 1900, respondent entered into a contract with L. T. Parker, under which Parker agreed to furnish all labor and material and construct for respondent three cottages for the sum of $2,145; "first payment, $400, when cottages are roofed in; second payment, $800, when first and second coats of plaster are on; third payment, $945, one day after completion and acceptance of buildings; all payments to be made on receipted bills as payments become due." The contract provided that respondent might "during the progress of said buildings require alterations, deviations, additions to, or omissions from the said contract, specifications, or plans, . . . and the same shall in no way affect or avoid the contract; but additional costs (if any) of such changes will be added to the amount of such contract price and deductions shall be made from said contract price for all omissions of work specified, at a fair and reasonable valuation." And further provided: "No bill or account for extra work will be allowed or paid unless authority for contracting same can be shown by a certificate from the owner, countersigned by the architect or superintendent." To secure compliance with this contract by Parker, appellant executed the bond upon which this suit is based,

conditioned that Parker should faithfully perform the work, and faithfully comply with the terms and conditions of the contract. When the cottages were completed, the respondent having made all payments in conformity with the contract, it was ascertained, upon a settlement between respondent and Parker, that there were unpaid bills for material used in the construction of the buildings amounting to about $400. Before making the last payment, respondent notified appellant, in writing, that these outstanding claims were unpaid, and that he would pay out the balance in his hands upon receipted bills, and requested the appellant to see that the contractor paid them. The contractor defaulted, and permitted liens to be filed upon respondent's property. Respondent again notified appellant to pay the claims, and tendered the balance in his hands, viz., $1.75. Appellant refused, and the lien claimants brought an action in the lower court to foreclose their liens. Thereupon respondent served upon appellants a copy of the complaint in the lien case, together with a notice demanding that appellant appear and defend the same, and that, if it failed to appear and defend the lien case, respondent would employ counsel at appellant's expense and interpose a defense thereto. The appellant refused to appear. The contractor, Parker, a party to said suit, defaulted. Respondent employed counsel, filed his answer, put the claimants upon their proof and pleaded affirmatively his contract and the bond executed by appellant, alleged a full compliance with the terms of the contract and bond, prayed for the dismissal of the said action, and, in the alternative, if the court established said claims as liens upon his property, that upon payment thereof he have judgment over against Parker. He served the answer upon Parker, and made a tender of the balance due from

him under the contract. The court in the lien case, upon a trial, rendered judgment against Parker for $500.67, and decreed a foreclosure of the liens, and further decreed that the respondent had fully and faithfully complied with the terms of his contract with Parker. Respondent thereupon paid the judgment in the lien case, and demanded reimbursement from appellant, which demand was refused. Respondent brought this action against the sureties upon the bond to recover the amount of the judgment, viz., $500.67, together with $50 for attorney's fees and $2 appearance costs incurred in defending the lien case. Appellant, after denying the execution of the contract between Parker and respondent set up in the complaint, alleged that respondent made a contract, under which the buildings were constructed, with L. T. Parker and one Merritt, copartners; that for the sake of convenience the contract was made in the name of Parker, and that it was agreed and understood between Parker, Merritt, and respondent that respondent should look to them jointly for the performance of the contract; that the contract provided that, should any dispute arise respecting its meaning, the same should be decided by one Robertson, an architect, whose decision should be final, and, should any dispute arise regarding the value of the extra work, such dispute should be determined by arbitration; that respondent has required extra work which at a fair and reasonable valuation was greatly in excess of the sum of $552.67; that a dispute arose between the contractor and respondent regarding this extra work; that respondent refused to arbitrate as provided in said contract; that respondent is indebted to the contractors for extra work in excess of the sum of $552.67, and in excess of the penalty of the bond sued on, and has refused to pay the same; and that respondent refused to make the payments in the manner and at the time pro-

vided in the contract. These allegations were denied in the reply. Upon the trial, judgment was rendered in favor of respondent for the full amount prayed. At the trial the appellant attempted to prove by oral evidence that during the progress of the work deviations and additions to the plans were requested by the owner, and extra work and materials were furnished and put into the buildings; that respondent refused to pay therefor; and that the amount thereof exceeded respondent's demand. This testimony was rejected by the court upon the ground that the contract provided that no bill or account for extra work should be allowed or paid unless written authority therefor was produced. This ruling of the court is assigned as error.

It appears that the original plans and specifications and the contract were prepared by one Robertson, an architect, on forms usual in such cases, which contemplated a superintendent for the work. No superintendent was employed, but the owner himself was about the work daily, and whatever superintendence was necessary he did himself. The contract provides especially that "should the owner, during the progress of the work, desire any deviation, alteration, additions to or omissions from said contract, specifications or plans, he shall be at liberty to have such changes made, and the same shall in no way affect or avoid the contract, but the additional cost shall be added to the contract price, and that no bill or account for extra work shall be allowed or paid unless authority for contracting the same can be shown by a certificate from the owner, countersigned by the architect or superintendent." This provision of the contract was for the benefit of the by him. It was intended as a rule of evidence as between the parties, which certainly could be waived by the owner owner, to prevent a claim for extra work not authorized

and the contractor. Under the contract, if the owner de-sired any changes or alterations from the original plans of the buildings, he was at liberty to have them made, and the contractor was bound to make them. It was the own-er's duty, however, to give written authority, to the con-tractor for such change or alteration, and without such authority the contractor was not bound to make them. But if the owner orally directed changes or alterations which the contractor was at liberty to accept, and which he did accept, the owner and the contractor thereby waived the provisions of the contract requiring written evidence there-of; and the owner cannot now be heard to say, after waiving this provision, that the contractor shall not be paid for such extra services. 1 Greenleaf, Evidence (16th ed.), § 304; *Bartlett v. Stanchfield,* 148 Mass. 394 (19 N. E. 549, 2 L. R. A. 625); *McFadden v. O'Donnell,* 18 Cal. 160; *Meyer v. Berlandi,* 53 Minn. 59 (54 N. W. 937); *Badders v. Davis,* 88 Ala. 367 (6 South. 834); *McLeod v. Genius,* 31 Neb. 1 (47 N. W. 473). Under the rule announced above, the contractor was entitled to recover against the owner for the extra services even if they were ordered by respondent orally, and oral evidence was ad-missible to show the services and their reasonable value; and, certainly, if these extras equalled or exceeded the demands of respondent, he had suffered no damages. If the contractor might have shown these facts, it certainly follows that his surety may do so.

Appellant also alleged in its answer, and offered to prove, that a dispute arose between the contractor and respondent in regard to the reasonable value of the extras, and that, in accordance with the contract, Parker or his agent sought respondent and offered to submit such dispute to arbitra-tors, and that respondent refused this offer. Under these circumstances, Parker was entitled to recover for the rea-

sonable value of the extras. The appellant should have been allowed to show these facts. Respondent is not entitled to recover from appellant more than his actual damages, and, if the amount of extras furnished by Parker under the contract exceeded or equalled the sum claimed by respondent, appellant was entitled to have the action dismissed; and if any extra work had been done, and not paid for, appellant was entitled to have the value of such extra work offset *pro tanto* against respondent's demand. It was therefore error of the court to reject this evidence.

The court below allowed respondent to recover for the amount of $552.67, $500.67 of which was the amount recovered in the action by lien claimants against his property, $50 for respondent's attorney in defending the action, and $2 for clerk's fees for defendant's appearance in the action brought by the lien claimants. This is alleged as error, (1) because the terms of the bond did not contemplate such damages; and (2) because the attorney's fee was unnecessary. The contract provides that Parker shall furnish all materials and labor and construct the buildings. The bond provides that Parker shall well, truly, and faithfully perform the conditions of his contract. This court held in *Wheeler, Osgood & Co. v. Everett Land Co.*, 14 Wash. 630 (45 Pac. 316), that the true meaning and intent of the provision requiring the contractor to furnish materials was certainly that he should pay for them, and not that he should simply supply them, and leave respondent to pay for them. This is the only reasonable deduction from such an agreement. If the contractor furnished materials under the contract for which he did not pay, and on account of which liens were filed against his property, it became the duty of the contractor, or in default thereof the surety, to pay these liens; and neglecting to do so, and thereby causing damages to respondent, the respondent

was entitled to recover. He was also entitled to recover his reasonable expenses, including attorney's fees in defending such claims; for he had notified appellant of the action, and appellant had refused or neglected to appear. 1 Sutherland, Damages (2d ed.), § 88; *Henry v. Hand,* 36 Ore. 492 (59 Pac. 330); *Westfield v. Mayo,* 122 Mass. 100 (23 Am. Rep. 292); *Ah Thaie v. Quan Wan,* 3 Cal. 216; *Dubois v. Hermance,* 56 N. Y. 673.

Unless the extra work performed by Parker, and unpaid for at the time, was equal to the amount claimed by the lien claimants at the time the claims were filed, it was not error to allow the amount of $552.67.

There are several corrections and interlineations in the original contract and specifications offered in evidence by the respondent. It is claimed that the court erred in admitting this contract in evidence. The evidence clearly shows that these corrections and interlineations were made and inserted before the contracts were signed. There was no error in this respect.

Appellant alleged that the contract for the construction of the cottages was in fact a partnership contract between Parker and one Merritt, as copartners, on the one side, and respondent on the other, and that this fact was well known to respondent, and not to appellant, at the time the bond was given. The court refused to find—we think correctly, under the evidence—that the contract was in fact between Parker and Merritt, as copartners, on the one hand, and respondent on the other. It nowhere appeared in the written contract that Merritt had any interest therein; nor does it appear by the evidence that respondent knew Merritt was a partner of Parker until some time after the contract was entered into, and until after the work was well under way. It also appears that respondent's first information that Parker and Merritt were

actually partners interested in the construction of the cottages was obtained from the managing agent of appellant. Respondent did not recognize Merritt *as a party to the contract*. There is nothing in the case to show that either party, at the time the contract and bond were made, knew Parker and Merritt were partners, in fact. After the fact was discovered that Parker and Merritt were partners, neither appellant nor respondent made any objection thereto. Under these circumstances, the appellant was not relieved from the obligation to indemnify respondent against the failure of Parker to perform the contract, and it was not error for the lower court to so hold.

It is argued that because respondent paid out money whenever orders were presented to him by Parker, "O K'd" by Merritt, such payments were not in accordance with the contract. It appears from the evidence that, whenever bills for work or materials furnished were presented to the respondent for payment, respondent required Merritt to "O K" them, and that these receipted bills were then paid. Merritt at this time was acting as foreman on the work. The contract provided that all payments should be made upon receipted bills as payments became due. The fact that Parker or respondent required these bills to be approved by the foreman in charge of the work could make no difference. This was simply an additional precaution, and an evidence that the materials were actually furnished. It did not affect the contract in the slightest. The respondent had agreed to pay upon receipted bills. It is not shown that he paid before the amounts were due under the contract, nor that he refused to pay after the payments were due under the terms thereof. This did not release the surety.

For the first error above discussed, the cause will be reversed, and remanded to the lower court for further

proceedings in accordance with this opinion; appellant to recover the costs of this appeal.

REAVIS, C. J., and WHITE, ANDERS, HADLEY, FULLERTON and DUNBAR, JJ., concur.