[No. 5062.]
[No. 2628 C. A.]

The A. S. Ripley Building Company et al. v. Coors.

1. **Bonds—Principal and Surety—Release of Surety—Fraud of Principal.**

A surety on a bond for faithful performance of a building contract, is not released though induced to execute the bond by fraudulent representations of the principal, and though, before anything is done under the contract, the surety informs the obligee thereof and gives notice of withdrawal, when the cancellation of such surety bond would make the contractor liable for damages by the building company for a breach of the building contract, as sureties should not be allowed to relieve themselves of liability imposed upon them by voluntary contracts by a mere notice to obligee that they were induced to enter into such contracts relying upon false statements made to them by the prin-

cipal, of which statements the obligee was entirely ignorant, unless there be a stipulation in the contract of indemnity to such effect.—P. 83.

2. **Same—Surety Bonds—Building Contracts—Failure to File.**

Where a •building contract provided that the contractors should furnish and pay for all materials necessary for the construction of a building, and a lumber company obtained a judgment against the building contractor and established a lien therefor on the property, whereby the owner of the property was obliged to pay the amount thereof in excess of the contract price, in an action by such owner for such sum, on a surety bond for the faithful performance of such building contract, alleging that such material was used in the construction of such building, a defense cannot be set up to defeat such claim by the surety company that the owner failed to file his building contract, or a memorandum thereof, in accordance with 3 Mills' (Rev.) Stats., § 2867, providing that a failure so to do will make the owner liable for materials furnished.—P. 85.

*Appeal from the District Court of Arapahoe County.*
*Hon. P. L. Palmer, Judge.*

Action by Adolph Coors against The A. S. Ripley Building Company and The American Surety Company. From a judgment for plaintiff, defendants appeal.                    *Affirmed.*

Messrs. Bicksler, Bennett & Nye, for appellants.

Mr. Ezra Keeler, for appellee.

Mr. Justice Maxwell delivered the opinion of the court:

The appellant building company contracted with appellee to do the carpenter and joiner work upon a building which appellee proposed to erect, according to the terms and specifications of a contract in writing.

For the faithful performance of the terms, conditions and specifications of the contract by the building company, appellant surety company executed a

bond to appellee in the sum of $4,000.00, the conditions of which bond are as follows:

"Now, if the said bounden, A. S. Ripley Building Company, shall faithfully construct such work in strict accordance with and in all things perform the said contract without delay and save the said Adolph Coors, his heirs and assigns, harmless from mechanics' liens or damage of any and every kind, by reason of the construction of said work, then the above obligation to be null and void, otherwise to be and remain in full force and effect."

This suit was to recover damages for a breach of the conditions of the bond.

To the complaint the surety company interposed four defenses.

The second and third defenses are those relied upon for a reversal of the judgment rendered by the court below.

In substance, the second defense is, that at the time the surety company executed and delivered the bond in suit, the building company induced the surety company to execute the bond upon representations that the president of the building company, with others, would indemnify the surety company against loss or damages by reason of the execution of such bond by the surety company; and that its president was the owner of real estate in the city of Denver of the value of $25,000.00; that, relying upon such representation, the surety company executed the bond; that such representations were false and untrue, and known to be such by the building company and its president at the time they were made; that the surety company discovered that such representations were false and untrue on or before the 14th day of November, 1899, and immediately notified appellee that the bond had been obtained by false representations, and demanded the release

and delivery of the same, and also notified appellee that it would not be responsible for any damages arising to appellee by reason of the non-fulfillment of the conditions of the contract; that such notice was served on appellee on the 14th day of November, 1899, before anything was done under the contract and before appellee was in anywise damnified.

In substance, the third defense is, that appellee did not file in the office of the county clerk and recorder of the county of Arapahoe, where the property is situated, the contract or a memorandum thereof, required by the statutes of this state (3 Mills' Ann. Stats., § 2867), and that by reason of such failure appellee became liable as an original contractor; that the material man's lien which was filed, was for material furnished, not by the building company but by appellee as an original purchaser; that such lien was not created by reason of the violation of any of the terms of the contract, and did not grow out of the contract.

The reply admitted the service of the notice alleged in the second defense, and denied all the other allegations thereof. It also admitted failure upon the part of appellee to file the contract or a memorandum thereof in the office of the clerk and recorder, as alleged in the third defense, denying all the other allegations of such defense.

Upon the trial, which was to the court without a jury, the surety company, by a witness then on the stand, offered to prove, that at the time of the application for the execution of the bond, Mr. Ripley, as president of the building company, offered to furnish the surety company as indemnitors himself and others; that Mr. Ripley represented himself as the owner of real estate worth about $25,000.00; that, relying upon this representation, the surety company executed the bond; that upon investigation it

was found that the representations of Mr. Ripley were false and untrue; that he was the owner of no real estate whatever; that on the 14th day of November a written notice was served upon appellee that the surety company withdrew from the bond, and would no longer be bound thereby, which notice was served upon appellee November 14th, 1899; that at the date such notice was served nothing had been done under the contract.

Upon objection, the offer of this testimony was refused.

This ruling of the court is assigned as error.

Counsel for appellant surety company concedes the rule to be as stated by Brandt in his work on Suretyship and Guaranty, § 406:

"If the principal, by fraud, induces the surety to become bound, but the obligee has no notice thereof, such fraud will, as a general rule, be no defense to the surety."

The argument is, that it is apparent from the rule as above stated, that if the obligee *does* have notice of the fraud of the principal, it would be a perfect defense, and that inasmuch as the obligee was notified of the alleged fraud perpetrated upon the surety company by the principal, before anything had been done under the contract, therefore, the appellee in this case comes within the rule as above stated.

No authorities are cited in support of the position of appellant upon this point, and counsel very frankly admit that they have been unable to find any.

A number of cases are cited and discussed, which, by analogy it is claimed, should rule this point favorably to the position taken by the surety company.

It will be unnecessary to review these authorities. The weakness of the argument and the fallacy of the conclusion arrived at by counsel is due to the fact, that the facts in the cases cited clearly distinguish them from the case at bar.

The whole argument is based upon the proposition, that nothing was done under the contract. The record discloses, that the bond and contract were executed by all parties on the 30th day of October; the notice relied upon was served on the 14th day of November following; upon which date appellee had bound himself by a written contract to the payment of the sum of $6,750.00 upon the performance by the building company of the terms of that contract. The cancellation by him at this time of such contract would have made him liable to a claim and an action for damages by the building company for the breach of his contract, the seriousness of which, in all probability, would only have been established at the termination of protracted and expensive litigation.

Sureties should not be allowed to relieve themselves of liability imposed upon them by their voluntary contracts, by a mere notice to the obligee that they were induced to enter into such contracts relying upon false statements made to them by the principal, of which statements the obligee was entirely ignorant, unless there be a stipulation in the contract of indemnity to such effect.

The rule is thus stated in 27 Am. & Eng. Enc. of Law 447:

"A surety who has signed a contract of suretyship cannot ordinarily and before the breach of the contract by giving notice terminate his suretyship or escape future liability for his principal unless a stipulation to that effect appears in the contract." Citing cases.

A number of cases are cited by counsel for appellant to the effect, that a surety or guarantor upon a continuing contract of suretyship or guaranty, may, upon reasonable notice in writing, terminate all future liability arising under the contract.

These cases are easily distinguishable from the case under consideration, in that here the contract was not a continuing contract.

It is our conclusion that the court did not err in refusing to admit the testimony offered.

The third defense proceeds upon the theory that the only breach of the condition of the bond alleged by appellee and relied upon for a recovery was the filing of a lien against the property of appellee.

We do not so read the complaint.

The complaint alleges, in substance, that the building company, in violation of its contract, did not furnish all the materials and fully and faithfully execute the work mentioned and referred to in the contract for the sum of $6,750.00, the sum provided for in the contract, in this, viz: that the building company caused to be furnished by the Hallack and Howard Lumber Company a large amount of material to be used, and which was used by the building company  in the construction of said building under its contract, which should have been furnished and paid for by the building company, but which the building company neglected and refused to do; that the lumber company caused a lien to be filed on the lots and buildings of plaintiff, of which the surety company had due and timely notice; that thereafter the lumber company commenced its suit to establish and enforce its lien, of which the surety company had due and timely notice; that thereafter judgment was rendered against the building company, establishing a lien against the property of plaintiff

for the sum of $1,719.68, which amount, with interest, plaintiff has been compelled to, and has, paid.

The bond sued on, by its express terms, refers to the contract, and the two instruments should, therefore, be construed together to determine the liability of the surety company.

The contract, in substance, provides that the building company, at its own costs and charges, is to provide all materials of every description needful for the due performance of the contract, for which the building company is to receive the sum of $6,750.00.

The conditions of the bond are, that the building company shall faithfully construct the work in strict accordance with the contract, and save the obligee harmless from damage of any and every kind.

Construction of the work specified in the contract, at an expense to the owner of over $1,700.00 in excess of the contract price, is certainly a violation of the terms of the contract, and therefore a breach of the conditions of the bond above stated, for which breach an action will lie.

No argument or citation of authorities is necessary to support this position.

In our view the third defense relied upon by appellant did not state a defense to the cause of action alleged, and no error was committed by the court in so ruling.

It is said, that the statute relied upon in this defense (3 Mills' (Rev.) Stats., § 2867) provides, that if the owner fails to file the contract or a memorandum thereof as therein provided, materials furnished by all persons shall be deemed to have been furnished at the personal instance of the owner, and the persons furnishing such materials shall have a lien for the value thereof; that the surety company had a right to expect that the appellee would do his full

duty to protect his property from liens; that not having done so, he cannot look to the surety company for indemnity for failing to do that which he should have done.

The statute is to the effect stated, but it does not follow, that the conclusion stated by counsel is the rule to be applied in this case, under the allegations of the complaint herein.

Under a complaint which alleged as the sole breach of the condition of the bond the filing of a mechanic's lien, there would be force in the argument of counsel, but that is not this case, and we express no opinion upon this proposition.

In the rulings relied upon for a reversal, there was no error, and the judgment will be affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concurring.