[Civ. No. 6087. First Appellate District, Division Two.—May 15. 1928.]

SUNSET LUMBER COMPANY (a Corporation), Appellant, v. E. PORTER SMITH et al., Respondents.

Louis Oneal and Maurice J. Rankin for Appellant.

J. L. Smith for Respondents.

PRESTON, P. J., *pro tem.*—The appellant, Sunset Lumber Company, a corporation, brought this action to foreclose a lien upon the property of respondents, Charles Locke Paddon and Evalynne D. Paddon, for building materials furnished by it and used in the construction of a dwelling-house owned by said respondents in the city of Watsonville. This action was consolidated with seven other actions of

a similar character, and tried by the court without a jury, and the court rendered judgment in favor of appellant and against the contractor, E. Porter Smith, for $4,345.26, the full amount of appellant's claim, but limited the lien of appellant to $2,484.02, upon the ground that there remained unpaid from said respondents Paddon and wife, the owners of the property, to. E. Porter Smith, the contractor, only $4,202.05, and that as the owners had filed a bond with the contract, the liability of said owners to appellant was limited to its proportion of the $4,202.05, due from the owners to the contractor. Appellant appeals from the said judgment limiting its lien to $2,484.02, and claims that it is entitled to a lien for the full amount of its claim, to wit, $4,345.26, for the reason that the bond furnished and filed with the original contract is not the bond required by section 1183 of the Code of Civil Procedure.

Therefore, the sole question presented by this appeal is whether the bond in question meets the requirements of the statute.

The bond in question was made a part of the original contract between the owner and contractor, and filed with the contract in the office of the county recorder of the county of Santa Cruz, and is in the words and figures following, to wit: ''As a part of the same transaction with the foregoing contract, we, the undersigned, hereby undertake and guarantee that E. Porter Smith, the contractor named therein, will fully and faithfully keep and perform all the obligations thereof in his part to be performed, and will deliver said building fully completed within the time therein specified, free from all liens and claims of any persons performing labor thereon or furnishing materials therefor, or both. The liability of the surety is hereby fixed in the sum of four thousand seven hundred and ninety-five and no/100 ($4,795.00) dollars.''

It is first contended that this bond is not conditioned for the payment in full of the claims of all persons performing labor upon or furnishing materials to be used in the work. The contract provides that the contractor will furnish necessary labor and material and will perform and complete certain work, free from all liens, and the sureties *guarantee* that the contractor will perform all of the obligations of the contract, including the one just mentioned.

From these provisions of the contract and bond appellant argues that it does not follow that the contractor *must pay in full the claims of all persons furnishing material to be used in said work.* We think this contention untenable.

It is true that neither the bond itself, nor the contract, says *the contractor will pay for all labor and materials required to construct said building,* but said contract does provide that "*the contractor agrees to furnish labor and material . . . required and perform and complete in a workmanlike manner, free from any and all liens and claims of artisans, material men, sub-contractors and laborers thereon . . .*" The contract also provides that in the event said contractor at any time during the progress of the work, fails, refuses, or neglects for a period of five days to furnish and provide material and workmen to finish the work, the owner shall have power to furnish same and deduct the expenses from the amount of the contract price, and the bond, which is a part of the contract, provides: "We, the undersigned, hereby undertake and *guarantee* that E. Porter Smith, the contractor named therein, will fully and faithfully keep and perform all the obligations thereof in his part to be performed."

Therefore, it is perfectly clear to us that the language of the contract sufficiently implies that the obligation was imposed upon the contractor, E. Porter Smith, *to pay* for all material enumerated in the contract, and furnish all labor necessary to do the work, and when the bondsmen guaranteed that the contractor "will fully and faithfully perform all the obligations of the contract," they guaranteed that the contractor would pay for the labor and materials that were used in the construction of said building, and would furthermore perform the other things required of him under the contract. Certainly, this interpretation was the intent and purpose of all the parties to the contract and bond. It would be an unreasonable and strained construction to place upon a contract, such as this, to say that the contractor agreed to furnish all labor and material and construct a dwelling-house for the owners for $9,585, and to furnish the owners a bond guaranteeing to do all this, and then say, "this does not mean that the contractor was *to pay* for the labor and materials." If the interpretation

as contended for by appellant be correct, then what was the contractor to do for the $9,585?

When a contractor agrees to furnish all labor and material and build a house for $9,585 within a given time, free of all liens, it certainly means that the contractor, and not the owner, is *to pay* for all labor and material; otherwise, in this case, the owners would be paying the contractor $9,585 for absolutely nothing.

*Callan* v. *Empire State Surety Co.*, 20 Cal. App. 483 [129 Pac. 978, 981], was an action brought by the owner against the sureties of the contractor to recover moneys paid out to discharge claims for labor and materials after abandonment by the contractor, and it was there definitely decided that a similar clause in a building contract obligated the contractor not merely to furnish, but *to pay*, for the labor done and materials furnished.

The case of *Fickling* v. *Jackman et al.*, 203 Cal. 657 [265 Pac. 810], involved a similar contract, and there the following language was used in a contract: "The contractor will furnish all labor and materials necessary for the erection and completion of the buildings," which is almost the identical language used in the contract in the case at bar, and the court held that this was an obligation on the part of the contractor to pay for all materials used and labor done in the erection of the buildings. (See, also, *Fuller* v. *Alturas School District*, 28 Cal. App. 609 [153 Pac. 743].)

Appellant next contends that said bond is not by its terms made to inure to the benefit of persons who furnished materials to be used in the work described in the contract, nor does said bond by its terms give the claimant a right of action to recover upon said bond in any suit brought to foreclose its lien. These contentions are based upon certain provisions of section 1183 of the Code of Civil Procedure, which provides when a bond is given it shall "by its terms be made to inure to the benefit of any and all persons who perform labor upon or furnish materials to be used in the work described in said contract so as to give such persons a right of action to recover upon said bond in any suit brought to foreclose the liens provided for in this chapter or in a separate suit brought on said bond . . . "

It is argued that the bond in the case at bar does not comply with the foregoing statutory provisions, and is only

a bond to indemnify and hold harmless the owners against liens. It is elementary that a bond such as the one under consideration, given to guarantee the execution of a contract, according to its terms, becomes a part of such contract, and to that contract the sureties become parties, the same as though they had actually made and executed the contract itself. Therefore, in interpreting the language of the bond we must do so by treating the contract and the bond as constituting an indivisible contract. (*Fuller* v. *Alturas School District, supra.*) Construing the bond in question by this rule, there is no escape from the conclusion that the same was not given for the sole benefit of the owners, but that it was intended to inure as well to the benefit of third parties providing materials and furnishing labor to be used in the construction of said building.

We have already determined that the contract imposed the obligation upon the contractor to pay for all labor and materials that went into the construction of said building, and the liability of the sureties, being coextensive with that of the contractor, the sureties are likewise liable to the extent of their bond for the payment of labor and materials that were used in the construction of said building.

As stated in *Callan* v. *Empire State Surety Co., supra,* the very purpose of such a bond is not alone to protect the rights of the owner of the property upon which buildings are being erected under building contracts, but also to protect the rights of or serve as indemnity to persons providing materials and furnishing labor in the construction of such buildings.

Section 1559 of the Civil Code provides: "A contract made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." It follows, therefore, that the appellant, or any other person who furnished to the contractor materials or labor which have not been paid for, are entitled to proceed against the sureties on said bond for the recovery of the amounts due them.

The liability of such sureties is, of course, limited in said bond to $4,795. Said bond does in legal effect, therefore, by its terms, actually inure to the benefit of persons who furnished material or performed labor in the construction of said building, and also entitles them to sue the sureties

direct. Section 1183 of the Code of Civil Procedure does not provide that said bond itself recite that fact; it only states the legal effect of such a bond.

The appellant cites the case of *Terry* v. *Southwestern Building Co.*, 43 Cal. App. 366 [185 Pac. 212]. That case is of no assistance; the bond in that case contained an express provision that "no right of action shall accrue upon or by reason hereof to or for the use or benefit of *any one other than the obligee named herein*, and that the obligation of the company is and shall be construed strictly as one of suretyship only."

We think the bond which is a part of the contract, is in substantial compliance with section 1183 of the Code of Civil Procedure, and that the trial court was correct in limiting the lien of appellant's judgment.

Judgment affirmed.

Sturtevant, J., and Nourse, J., concurred.