[Civ. No. 4213. Third Appellate District.—November 19, 1930.]

PACIFIC STATES ELECTRIC COMPANY (a Corporation), Appellant, v. UNITED STATES FIDELITY & GUARANTY CO. (a Corporation), Respondent.

L. B. MARSH, Appellant v. UNITED STATES FIDELITY & GUARANTY CO. (a Corporation), Respondent.

GRAYBAR ELECTRIC COMPANY, INC. (a Corporation), Appellant, v. UNITED STATES FIDELITY & GUARANTY CO. (a Corporation), Respondent.

SOUTHWESTERN CREDITORS ASSOCIATION (a Corporation), Appellant, v. UNITED STATES FIDELITY & GUARANTY CO. (a Corporation), Respondent.

STERLING & HARKNESS, Appellant, v. UNITED STATES FIDELITY & GUARANTY CO. (a Corporation), Respondent.

ILLINOIS ELECTRIC COMPANY (a Corporation), Appellant, v. UNITED STATES FIDELITY & GUARANTY CO. (a Corporation), Respondent.

John M. Martin for Appellants.

Edward C. Mills for Respondent.

MR. JUSTICE THOMPSON (R. L.) DELIVERED THE OPINION OF THE COURT.—This is an appeal from a judgment rendered against each of the plaintiffs in the foregoing cases which were consolidated for trial. Each of the actions was based upon the claims of materialmen against a surety bond which was given to pledge the faithful performance of a subcontractor for the construction of specific parts of a building. The court held that the bond was not liable for the labor performed or the materials furnished. The judgment depends upon a construction of the bond.

The Breakers Hotel Company, a corporation, awarded a contract to construct a hotel of the same name at Long Beach to William G. Reed at a cost of about $850,000. The court found that Reed agreed to furnish and pay for all necessary labor and materials to complete the building according to the contract. Mr. Reed, as principal, and the Metropolitan Casualty Insurance Company, as surety, executed and delivered to the hotel company a bond pursuant to section 1183 of the Code of Civil Procedure for the faithful performance of the contract. This bond was duly recorded. It guaranteed "the payment in full of the claims of all persons performing labor upon or furnishing materials

to be used in the work'' of constructing the hotel building. By the terms of this bond its provisions were to ''inure to the benefit of any and all persons who should perform labor upon or furnish materials for the work'' performed under the contract.

William G. Reed, the general contractor, made a subcontract with Jensen Electrical Company for the furnishing of materials and the performance of certain portions of the structure. Each plaintiff in this group of consolidated cases furnished the subcontractor, Jensen Electrical Company, with materials of substantial value which were used in the construction of the building. For the faithful performance of this subcontract an independent common-law bond was executed and delivered to Reed, the general contractor, with Jensen Electrical Company as principal and United States Fidelity and Guaranty Company as surety. This was the only bond executed by the last-mentioned surety on account of the structure. It provides in part: ''Whereby the said party of the second part (the subcontractor) undertakes to furnish all necessary labor and material and to perform and complete for the said party of the first part . . . (the work contracted for) we, Jensen Electrical Co., as Principals, and the United States Fidelity and Guaranty Company, . . . as Surety, are held and firmly bound unto said William G. Reed. . . . The condition of this obligation is such that if said contract is made, and if the said contractor shall well and faithfully keep and perform all of the covenants and agreements of said contract, by them to be kept and performed, and shall turn over and deliver to said General Contractor, said improvement according to said contract, and shall save and hold harmless the said general contractor from any and all loss or damage arising out of the failure of said contractor to fulfill said contract, then the above obligation to be void; otherwise to remain in full force and effect.''

The trial court rendered judgment in favor of the defendant in these consolidated cases. From this judgment the several plaintiffs have appealed.

■ A bond which is given for the faithful performance of a contract, to which it refers, binds the surety for labor performed and materials furnished thereunder as completely as though the surety were a party to the contract. (*Callan*

v. *Empire State Surety Co.*, 20 Cal. App. 483 [129 Pac. 978, 981]; *Fuller & Co.* v. *Alturas School Dist.*, 28 Cal. App. 609 [153 Pac. 743]; *Fickling* v. *Jackman*, 203 Cal. 657, 662 [265 Pac. 810]; *Ryan* v. *Shannahan*, 209 Cal. 98 [285 Pac. 1045, 1047].) In the case last cited it is said: "It is also elementary that a bond given to guarantee the execution of a contract according to its terms becomes a part of such contract, and to that contract the sureties become parties the same as though they had actually made and executed the contract itself. Therefore, in interpreting the language of the undertaking for the purpose of gathering its scope or the measure of the liability of the sureties, we must do so by treating or viewing the contract and the undertaking as a whole or as constituting an indivisible contract."

A bond which undertakes to guarantee the faithful performance of a subcontract to furnish all necessary labor and materials for a specified portion of a structure, implies a promise to pay for such labor and materials so furnished. It is unreasonable to hold the obligation is fulfilled by the mere supplying of the labor and materials. (*Wheeler, Osgood & Co.* v. *Everett Land Co.*, 14 Wash. 630 [45 Pac. 316]; *Mayes* v. *Lane*, 116 Ky. 556 [76 S. W. 399]; *Crowley* v. *United States Fidelity & Guar. Co.*, 29 Wash. 268 [69 Pac. 784, 786].) In the case last cited it is said: "The true meaning and intent of the provision requiring the contractor to furnish materials was certainly that he should pay for them, and not that he should simply supply them and leave respondent to pay for them. This is the only reasonable deduction from such an agreement."

A common-law undertaking which is furnished to a general contractor for the faithful performance of an agreement with a subcontractor for the supplying of labor and materials for a structure is not a pledge for the sole benefit of the general contractor, but inures to the benefit of any person who performs labor or furnishes materials which are used in the structure pursuant to the provisions of the subcontract. (*Sunset Lumber Co.* v. *Smith*, 91 Cal. App. 746 [267 Pac. 738]; *Fuller & Co.* v. *Alturas School Dist.*, 28 Cal. App. 609 [153 Pac. 743].)

The obligation of the respondent in the present cases to guarantee payment for labor performed and materials

furnished under the subcontract seems fixed and certain. The fact that these claimants may have been entitled to recover compensation from the original general surety, Metropolitan Casualty Insurance Company, does not release the respondent from the clear obligations of its contract. In the event of securing judgments against the original general surety by the claimant in this action, it would then be entitled to be subrogated to all the rights of these plaintiffs for the purpose of reimbursement, which would include the right to resort to respondent's bond to satisfy their claims. (Secs. 2848, 2849, 2854, Civ. Code; *Adamson* v. *Paonessa*, 180 Cal. 157 [179 Pac. 880].)

The judgment is reversed.