SEABOARD SURETY COMPANY, Appellant, *v.* STANDARD ACCIDENT INSURANCE COMPANY, Respondent.

First Department, October 29, 1937.

*David S. Konheim* of counsel [*William Lurie*, attorney], for the appellant.

*Daniel Combs*, for the respondent.

PER CURIAM. We think the agreement of the Interstate Heating & Plumbing Company, the subcontractor, to " provide all the materials and perform all the work," does not include a covenant to protect the contractor, Lundberg, from the contractual liability assumed by him and by the plaintiff to the United States government in respect of unpaid claims against the subcontractor. If liability had been imposed on Lundberg for claims against the subcontractor by operation of law, such an obligation under its bond to Lundberg might perhaps be implied. (*Mayes* v. *Lane*, 116 Ky. 566; 76 S. W. 399; *Pacific States Electric Co.* v. *U. S. F. & G. Co.*, 109 Cal. App. 691; 293 P. 812; *Stoddard* v. *Hibbler*, 156 Mich. 335; 120 N. W. 787.)   It cannot be said, however, that the defendant is concerned with, or under obligation to indemnify against, the consequences of Lundberg's undertaking given to the United

States in order to secure the contract. (*Trimont Dredging Co.* v. *U. S. F. & G. Co.*, 166 Md. 556; 171 A. 700.)

The order and judgment should accordingly be affirmed, with costs.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.

Judgment and order unanimously affirmed, with costs.