244 P.2d 1100

# BEKINS MOVING & STORAGE CO v. MARYLAND CAS. CO.

No. 7848.

Supreme Court of Idaho.

May 23, 1952.

Ariel L. Crowley and E. B. Smith, Boise, for respondent.

Carver, McClenahan & Greenfield, Boise, for appellant.

GIVENS, Chief Justice.

Appellant sued respondent, surety for Endicott on his building contract with appellant, for damages because the cost of construction exceeded the contract price.

On demurrer, the learned trial court held the complaint did not state a cause of action, expressly did not pass on the grounds of special demurrer, and dismissed the action. The appeal is from such order of dismissal.

Respondent contends appellant's assignor had not assigned the claim against respondent, but only agreed to so assign in the future, and therefore, the cause of action on the bond is not in appellant.

The assignment is a paragraph in a contract for the sale of the land and building between the seller and assignor, an Oregon corporation, and appellant, an Idaho corporation, both otherwise of the same name, as follows:

"1. Simultaneously with the execution of this agreement Seller will assign to Purchaser Seller's claim in the amount of $4,368.33 against H. E. Endicott of Boise, Idaho, the contractor who constructed the improvements on the real property sold hereunder, and Maryland Casualty Company, the surety on Endicott's bond."

Paragraphs 5 and 6 of the agreement are pertinent and thus provide:

"5. Upon payment of the full purchase price Seller agrees by full warranty deed to convey said real pr-perty herein described to Purchaser, its successors or assigns, free and clear of all assessments, liens or encumbrances thereon, including lien for 1950 real property taxes, but excepting all other liens or encumbrances of record, if any, and any assessments, liens or encumbrances thereon accruing by or through the acts or negligence of the Purchaser, its successors or assigns.

"6. It is understood and agreed that time and exact performance are the essence of this contract. In the event Purchaser shall fail, neglect or refuse to perform any of the obligations on its part herein contained or to make in time and manner as herein provided any of the payments Seller shall forthwith be entitled to foreclose this contract, and in such event all the right and interest of Purchaser hereby created by this contract shall utterly cease and determine and the premises aforesaid shall revert to Seller without any declaration of forfeiture or act of reentry and without any right in Purchaser of compensation for money paid or for improvements made, as absolutely as if this agreement had never been made."

This contract and assignment was dated April 21, 1950. (Ex.A.) The total purchase price was $52,725.56, payable $5,000 "simultaneously with the execution of this agreement, receipt of which *is* hereby acknowledged by Seller; * * *." (Emphasis ours.) The balance to be paid in monthly installments of not less than $500, with 2% interest, first payment to be made on or before May 1, 1950.

Paragraph I of the amended Complaint, dated July 24, 1951, alleges:

"That plaintiff is a corporation organized and existing under and by virtue of the laws of the State of Idaho and authorized to do business in the State of Idaho; that plaintiff is the assignee of the cause of action herein set forth by virtue of a written assignment by plaintiff's assignor and a copy of said assignment is attached hereto and made a part hereof by reference as Exhibit "A"; that plaintiff's assignor is the Bekins Moving and Storage Co., an Oregon corporation, which is organized and existing under the laws of the State of Oregon."

■ The complaint herein, to be good as against the general demurrer, must allege sufficient facts which if proved will sustain a judgment in favor of plaintiff, Stone v. Bradshaw, 64 Idaho 152, at page 157, 128 P.2d 844; Paulsen v. Krumsick, 68 Idaho 341, at page 346, 195 P.2d 363.

■ A general demurrer admits all reasonable inferences which can be drawn from the attacked pleading; Boise Payette Lumber Co. v. Idaho Gold Dredging Corp., 56 Idaho 660, at page 677, 58 P.2d 786; all legitimate or necessary inferences therefrom, Whiffin v. Union Pac. R. Co., 60 Idaho 141, at page 149, 89 P.2d 540; all intendments and inferences that may reasonably be drawn therefrom (complaint) and the factual allegations will be construed in the light most favorable to the pleader. American Home Benefit Ass'n v. United American Benefit Ass'n, 63 Idaho 754, at page 759, 125 P.2d 1010; Paulsen v. Krumsick, supra.

■ The recitals in the contract and Paragraph I of the amended Complaint construed together justify the conclusion that the contract may be considered as divisible. Shaw Supply Co., Inc., v. Morgan, 48 Idaho 412, 282 P. 492; Schlieff v. Bistline, 52 Idaho 353, 15 P.2d 726.

The phraseology in Paragraphs 1, 5, and 6 of the contract, analyzed in testing the sufficiency of the complaint as stating a cause of action, justifies the inference that the assignment of the cause of action was immediate and conclusive, and that the forfeiture provisions in Paragraph 6 apply only to the real estate and buildings thereon. Consequently, as against the general demurrer, the complaint with Exhibit A as an integral part thereof alleges appellant now owns the cause of action on the bond with no reserved rights in the assignor affecting the situation between the assignee and respondent.

Since we are thus justified in considering the complaint alleges an absolute assignment, we are not called upon to and do not decide the rights of the assignor, assignee or debtor of a conditional or incomplete assignment.

■ Appellant having alleged an absolute assignment, it must, perforce, prove it.

Christmas v. Russell's Ex'rs, 14 Wall 69, 81 U.S. 69, 20 L.Ed. 762; Sneesby v. Livington, 182 Wash. 229, 46 P.2d 733; 6 C.J.S., Assignments, § 58, page 1102; Milford State Bank v. Parrish, 88 Utah 235, 53 P. 2d 72; American Inv. Co. v. Baker, 104 Okl. 95, 230 P. 724.

█ The bond (copy of which is attached to the amended complaint as part thereof) was conditioned that the surety was bound for the full performance by Endicott of all his undertakings, covenants, terms and conditions and agreements of the contract for the construction of the building by him for appellant's assignor, said contract being specifically referred to, which in turn referred to and incorporated therein by reference the proposal, plans, specifications, and schedule of rates and prices set forth therein. The amended complaint further alleged the contract price for the construction of the building was $20,911.74; that appellant's assignor advanced additional sums to Endicott for material used in and labor performed on the building amounting to $4368.33 over and above the contract price of $20,911.74, and seeks recovery of this sum as damages from respondent as surety.

The bond thus comprehends the building contract which in turn, by reference, incorporated the proposal, plans and specifications, and the bond, contract, proposal, plans and specifications are thus all to be construed together in determining the liability of the surety. Clinton Sheep Co.

v. Ogee, 34 Idaho 22, 198 P. 675; Callan v. Empire State Surety Co., 20 Cal.App. 483, 129 P. 978, 981.

█ The correct analysis of this amended complaint, as stating a cause of action, as against a general demurrer, is as follows:

"The bond sued on, by its express terms refers to the contract, and the two instruments should therefore be construed together, to determine the liability of the surety company. The contract, in substance, provides that the building company, at its own costs and charges, is to provide all materials of every description needful for the due performance of the contract, for which the building company is to receive the sum of $6,750. The conditions of the bond are that the building company shall faithfully construct the work in strict accordance with the contract, and save the obligee harmless from damage of any and every kind. Construction of the work specified in the contract, at an expense to the owner of over $1,700 in excess of the contract price, is certainly a violation of the terms of the contract, and therefore a breach of the conditions of the bond above stated, for which breach an action will lie. No argument or citation of authorities is necessary to support this position. * * *" A. S. Ripley Bldg. Co. v. Coors, 37 Colo. 78, 84 P. 817, at page 818.

"A complaint based on contract is generally held to be sufficient if it states the making of the contract, the obligations thereby assumed and the breach. The contract in such case contains the primary right of the plaintiff. In the obligation assumed by the defendant is found his duty and his failure to comply with the duty constitutes the breach. When these statements are supplemented with a statement of the amount claimed and a prayer for the judgment, the complaint is complete, and is not one which may be subject to a general demurrer." Stone v. Bradshaw, supra [64 Idaho 152, 128 P.2d 846].

Respondent in its brief states:

"The maximum building cost contemplated by the undertaking and contract in this case being $20,911.74 the alteration by increase to $25,280.07 pleaded by appellant, automatically eliminated the liability of the surety."

No alteration was alleged. There was simply a breach of contract by the contractor in that he did not build the building for the specified contract price. The following authorities abundantly answer and expose the quoted fallacy and support the sufficiency of the complaint: Heffernan v. United States Fidelity & Guaranty Co., 37 Wash. 477, 79 P. 1095, at page 1096; Callan v. Empire State Surety Co., supra; Finne v. Maryland Casualty Co., 102 Wash. 651, 173 P. 501; Fickling v. Jackman, Cal.

App., 259 P. 84, at page 86(5); Sunset Lumber Co. v. Smith, 91 Cal.App. 746, 267 P. 738, at page 741(5); Ryan v. Shannahan, 209 Cal. 98, 285 P. 1045, at page 1047 (4); Pacific States Electric Co. v. United States Fidelity & Guaranty Co., 109 Cal. App. 691, 293 P. 812, at page 813(2); Gorton v. Freeman, 51 Okl. 516, 152 P. 127—cf. Section 45–501 I.C.; Hollerman Mfg. Co. v. Standard Accident Ins. Co., 61 N.D. 637, 239 N.W. 741, at page 743; Southern Real Estate & Financial Co. v. Bankers' Surety Co., 276 Mo. 183, 207 S. W. 506, at page 510.

The following authorities cited by respondent distinguish themselves because here the suit is by the assignee as owner, not by a third party lending money to the contractor:

"The question whether the governmental unit or agency which is one of the parties to the contract may recover from the surety on the contractor's bond amounts advanced by it to the contractor upon the contract price is not intended to be covered by this annotation. Also beyond the scope of the annotation are cases such as Yawkey-Crowley Lumber Co. v. Sinaiko (1926) 189 Wis. 298, 206 N.W. 976, involving the right of the project owner to recover from the surety on the contractor's bond amounts which such owner has paid to materialmen and laborers unpaid by the defaulting contractor." 127 A.L.R. 975.

**499**

"It may be well to reiterate that the annotation relates to loans or advances made to the contractor by one other than the contractee—that is, by one other than the public body or private individual, association, firm, or corporation for whom as owner, the construction or improvement work is contracted to be done,[1] and does not extend to instances where the particular lender of money to the contractor is expressly designated as an obligee by the terms of the bond given by the contractor."

Church of Jesus Christ of Latter-Day Saints v. Hartford Accident & Indemnity Co., supra, is in principle a case on all fours with the present suit and the three main propositions of law expressed in the following syllabi:

"(8) Failure to perform contract at price agreed on is breach of contract.

"(9) A church, completing performance of contract therewith to furnish marble facing for chapel after contractor's default and refusal of surety on contractor's bond to take over work, was entitled to indemnity under bond for amount thereafter paid by church for marble in excess of contract price, though it allowed contractor's organization to continue to furnish marble because it deemed such arrangement most economical and expedient.

"(10) A surety on building contractor's bond is not entitled to notice of contractor's default, unless bond specifically provides therefor."

are pertinent and controlling herein. It will be noted the contract and bond herein did not require notice of the contractor's default.

The order sustaining the general demurrer and dismissing the action is, therefore, overruled and reversed.

Consonant with Parke v. Parke, Idaho, 242 P.2d 860, the cause is remanded for the learned trial court to pass on the special demurrers, and if any of them be deemed good, since it is obvious amendments may easily and readily be made to overcome the grounds thereof, to permit amendments relative thereto and proceed accordingly. Costs awarded to appellant.

PORTER, TAYLOR, THOMAS, and KEETON, JJ., concur.

1. "See, as an example of the excluded cases where the advances to the contractor were by the contractee, Church of Jesus Christ of Latter-Day Saints v. Hartford Accident & Indemnity Co. (1939), 98 Utah 297, 95 P.2d 736." 164 A.L.R. 782.