[Civ. No. 24614.   Second Dist., Div. Two.   May 23, 1960.]

WILLIAM E. ADOLPH et al., Petitioners, v. MUNICIPAL COURT FOR THE JUDICIAL DISTRICT OF LOS ANGELES COUNTY, Respondent; JOHN H. PANKRATZ, Real Party in Interest.

James P. Del Guercio for Petitioners.

Harold W. Kennedy, County Counsel and Donald K. Byrne, Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

KINCAID, J. pro tem.*—Petitioners seek prohibition to restrain the Municipal Court of Los Angeles Judicial District from further proceedings in an action entitled John H. Pankratz v. William E. Adolph, and others, Number Van Nuys 575723. Petitioners heretofore filed a demurrer to the complaint in said action on the ground that there is a prior action pending in the superior court between the same parties for the same cause. The demurrer was overruled. Petitioners allege that the municipal court action will be brought to trial before their said superior court cause can be heard unless restrained by proper writ and that they have no plain, speedy and adequate remedy in the ordinary course of the law.

The order overruling the demurrer is not appealable. (Code Civ. Proc., § 963.) To compel petitioners to submit to an unwarranted retrial of the cause, and then appeal from the judgment if adverse to them, would not afford them speedy or adequate relief. The writ may therefore be used to test the jurisdiction of the municipal court. (*Tomales Bay etc. Corp.* v. *Superior Court,* 35 Cal.2d 389, 392 [217 P.2d 968] ; *Greene* v. *Superior Court,* 37 Cal.2d 307, 310 [231 P.2d 821].)

On October 24, 1958, petitioners filed an action in the superior court against Pankratz and one Irving T. Cane, as defendants, charging trespass of their property, interference with certain easements and for damages.

Thereafter Pankratz filed the above numbered municipal court action as plaintiff, naming petitioners herein, and seven other individuals as defendants. This is a suit to foreclose a mechanic's lien filed as a lien upon real property alleged to be owned by defendants, said lien being for the furnishing of work and materials performed and used on said property at the special instance and request of William E. Adolph, in the sum of $1,783.

---

*Assigned by Chairman of Judicial Council.

Pankratz then filed his answer and cross-complaint to the second amended complaint of petitioners in the superior court action in which he alleges that at the special instance and request of Adolph he did furnish certain labor and materials necessary to do improvement work on the same real property as is described in his complaint in the municipal court action; that the reasonable value thereof is $1,783 which Adolph promised to pay but which remains unpaid.

It is the contention of petitioners that a determination of the issues in the superior court action will determine all issues and possible defenses in the municipal court suit; that they are substantially identical and therefore the latter should be enjoined until final disposition of the former.

Respondent municipal court has filed its return to the writ of prohibition and a demurrer to the petition. It contends that it has jurisdiction to proceed with the trial of the case before it on two grounds: (1) It is disclosed by the respective pleadings that the parties are not the same in the two suits and therefore any abatement of the municipal court suit could adversely affect third persons: (2) The cause of action set forth in the cross-complaint is a personal action of Pankratz only for money due for labor and equipment expended and furnished.

The municipal court complaint, while for the same amount, is an action to foreclose a mechanic's lien. ■ Section 1200,[1] Code of Civil Procedure, recognizes the right of a person to pursue both remedies simultaneously so long as any money collected on one judgment is credited to another. (See *Faucett* v. *Riveroll*, 203 Cal. 438, 440 [264 P. 1098]; *Withington* v. *Shay*, 47 Cal.App.2d 68, 77 [117 P.2d 415, 119 P.2d 1], interpreting the predecessor Code Civ. Proc., § 1197.)

---

[1]"Nothing contained in this chapter shall be construed to impair or affect the right of any person to whom any debt may be due for work done or materials furnished, or furnishing appliances, teams, or power contributing to any work of improvement to maintain a personal action to recover said debt against the person liable therefor and to, either in an action to foreclose his lien or in a separate action, take out an attachment or execution therefor, or obtain a separate personal judgment in such mechanics' lien action, against the person personally liable for such debt notwithstanding his lien, and in his affidavit to procure an attachment he need not state that his demand is not secured by a lien; but the judgment, if any, obtained by the plaintiff in such personal action, or personal judgment obtained in such mechanics' lien action, shall not be construed to impair or merge any lien held by said plaintiff under this chapter; provided, only, that any money collected on said judgment shall be credited on the amount of such lien in any action brought to enforce the same, in accordance with the provisions of this chapter."

An examination of the respective pleadings in question discloses the second amended complaint in the superior court suit to be by the Adolphs as plaintiffs against Pankratz and one Irving T. Cane. The answer and cross-complaint therein are by Pankratz only against the Adolphs. The complaint in the municipal court suit is by Pankratz only against the Adolphs and seven other named defendants. It is readily evident that the causes of action are separate and distinct in these cases and the parties are not the same.

To abate a subsequently filed action it must appear (1) that the causes of action and the issues in the two suits are substantially the same and (2) it is between the same parties as the former action and that these parties stand in the same relative position as plaintiff and defendant. (*Western etc. Co.* v. *Tuolumne etc. Corp.*, 63 Cal.App.2d 21, 28 [146 P.2d 61]; *National Auto Ins. Co.* v. *Winter*, 58 Cal.App.2d 11, 16 [136 P.2d 22]; *Lord* v. *Garland*, 27 Cal.2d 840, 848 [168 P.2d 5].) The municipal court suit fails to meet either test.

The respondent court has jurisdiction of this action to foreclose a mechanic's lien. (Code Civ. Proc., § 89, subd. (f.).)

The alternative writ heretofore issued is discharged, the petition for writ of prohibition is denied and the demurrer sustained.

Fox, P. J., and Ashburn, J., concurred.