[Civ. Nos. 6175, 6411.   Fourth Dist.   July 20, 1960.]

HOWARD G. STEINWINTER et al., Plaintiffs and Appellants, v. FRANK O. MAXWELL et al., Defendants and Appellants, and consolidated appeal.

*Assigned by Chairman of Judicial Council.

Howard S. Dattan and Dattan, Sharkey & Peterson for Plaintiffs and Appellants.

Higgs, Fletcher & Mack, Ferdinand T. Fletcher and Frederick G. Tellam for Defendants and Appellants.

SHEA, J. pro tem.*—These are two appeals which have been consolidated for hearing in this court. The case arises out of a contract for the construction of a residence. Plaintiffs are the contractors and defendants are the owners. They will be so designated in this opinion.

The contractors, as a copartnership, entered into a written contract with the owners to construct a residence. The contract provided for normal progress payments during the course of construction with a final payment of $4,700 to be paid upon the filing of a notice of completion. The contractors built the house and upon completion, demanded final payment. The owners complained of certain defects in the construction and refused payment, whereupon the contractors filed and recorded a mechanic's lien and commenced this action to foreclose the lien. The owners answered in the action and subsequently cross-complained for a breach of the contract alleging that the contractors had not done the construction in a good and workmanlike manner in accordance with the plans and specifications. The contractors answered the cross-complaint by a general denial and as an affirmative defense alleged the money due them as final payment under the contract.

The owners then made a motion for summary judgment on the complaint for the reason that the contractors did not have a contractor's license as required by section 7028 of the Business and Professions Code, and therefore under section 7031 could not maintain their action. The trial court granted the motion for summary judgment and entered judgment for the owners as to the complaint. The first of these appeals is from that summary judgment.

Thereafter a trial was had on the issues raised by the cross-complaint and the trial court, being the same judge who had previously ruled on the motion for summary judgment, found that the owners are entitled to recover $2,386.65 from the contractors for defects in the construction. The court also found that the owners are the "successful party" and, under a provision in the contract, awarded them attorney's fees in

*Assigned by Chairman of Judicial Council.

the amount of $1,750. The court then concluded that the owners are entitled to recover on the cross-complaint the sum of $4,136.65.

The court then found that there was a balance of $4,751.09 due to the contractors, and ruled that the contractors are entitled to an equitable offset in that amount against the recovery allowed to the owners. The court then ruled that by reason of the fact that the contractors' equitable offset exceeded the amount of the owners' recovery, no monetary judgment could be rendered. The court then gave the owners judgment for their costs.

As to this judgment, both parties have appealed. The contractors appeal from that portion of the judgment which finds the owners to be the "successful parties" and awards them attorney's fees. The owners appeal from that portion of the judgment which allows the contractors an equitable offset.

We shall first consider the issue raised by the appeal from the summary judgment. The question raised on this appeal is whether or not the contractors are barred from bringing an action to recover the balance due on the contract for the reason that the copartnership did not have a contractor's license.

It is admitted that the copartnership did not have a contractor's license at the time of the execution of the contract or at any time during the construction of the residence. (The partnership did subsequently obtain one several months after this suit was filed.) The members of the copartnership contend, however, that they have substantially complied with the contractor's licensing law and that they were entitled to be heard in the trial court on the issue of whether or not there had been substantial compliance.

The facts pertaining to the license status of the partnership are not in dispute. The members of the partnership are Steinwinter and Bancroft. At all times material to this case Steinwinter personally had a valid contractor's license. In addition, Steinwinter and Bancroft were the sole stockholders and the president and vice-president respectively of a corporation known as Casas de Campo, Inc. At all times material herein this corporation had a valid contractor's license.

The contractors contend that, under the licensing laws, precisely the same qualifications are required of an officer of a corporation applying for a license as would be required of the members of a partnership, and that when the corporation was granted a license the qualifications of Bancroft were as fully determined as they would have been if they had applied

for a partnership license. Also the qualifications of Stein-winter had been determined when he was issued his personal license. On this basis they argue that there has been substantial compliance with the statute in that the qualifications of both of the members of the partnership have been considered and passed upon by the Contractor's Licensing Board. They have both been found qualified as officers of a corporation and hence they have satisfied the purpose and the policy of the statute. They further argue that where the purpose behind the law has been substantially satisfied, the law should not bar an otherwise legitimate claim.

In support of their position they rely principally upon *Gatti* v. *Highland Park Builders, Inc.*, 27 Cal.2d 687 [166 P.2d 265], and *Citizens State Bank* v. *Gentry*, 20 Cal.App.2d 415 [67 P.2d 364]. They cite these cases as holding that exact, literal compliance with the statute is not required. It is true that these cases did permit recovery by the contractor under circumstances where there had not been exact compliance, but as is pointed out by the respondent, at the time the contract was entered into the contractor executing the contract had a valid license. In the Gatti case, the contractor Gatti executed a written contract with the defendant to perform certain work. He had a valid contractor's license. Sometime later he and his foreman Moore, who also had a contractor's license, agreed to do the defendant's job as a joint venture or partnership. This was with the defendant's knowledge and consent. Several weeks later Gatti and Moore, together with a third party (not involved in the case), were issued a partnership license. The defendant refused to pay them on their contract and set up the defense that the partnership of Gatti and Moore did not have a partnership license. A judgment for the plaintiffs was affirmed by the Supreme Court, holding that under these circumstances there had been a sufficient compliance with the statute.

In the Citizens State Bank case the contractor had a valid license when the contract was executed and when the job was started. While the work was in progress it became necessary for him to renew his license. When he applied to have it renewed he requested that it be renewed in the name of a corporation which he controlled. Here again the appellate court affirmed a judgment for the contractor on the ground that he had substantially complied with the statute. These cases do acknowledge that under certain circumstances substantial compliance with the statute is sufficient. However,

it should be pointed out that in each of these cases the contractor did have a valid license at the time the contract was executed and therefore at its inception the contract was valid. The effect of the ruling in these cases is that the subsequent changes in the license status of the contractor did not invalidate a contract that was valid at its inception. (See also *Weiman* v. *Superior Court,* 51 Cal.2d 710 [336 P.2d 489].)

The contractors concede that a partnership must have a license as a partnership even though one of the partners has an individual license (*Loving & Evans* v. *Blick,* 33 Cal.2d 603 [204 P.2d 23] ; *Lewis & Queen* v. *N. M. Ball Sons,* 48 Cal.2d 141 [308 P.2d 713]), but they contend that where both members of the partnership have been approved by the licensing board, as they were in this instance, for the issuance of the corporation license, the purpose sought to be accomplished by the statute, i.e., the assurance of reliable, honest and competent contractors, is satisfied. ██ However, this argument ignores the provisions of section 7029 of the Business and Professions Code which specifically requires that, even if both partners have individual licenses, they still must obtain an additional license if they combine to jointly act in the capacity of a contractor. Even if Bancroft had an individual license, and thus had been approved by the board, it still would be unlawful for the partners to contract without a partnership license.

The application of the substantial compliance rule has been limited to very few cases and we do not feel that it should be extended to this case. The partners knew or should have known, that they were required to have a contractor's license. They had a valid license in their corporation which they could have used. For reasons unknown, they chose not to use it. Accordingly, the court was correct in granting the motion for summary judgment. (*Bierman* v. *Hagstrom Construction Co.,* 176 Cal.App.2d 771 [1 Cal.Rptr. 826].)

██ The next question is whether or not the trial court was right in allowing the contractors an equitable offset for the amount of their claim against the sums found to be due to the owners on the cross-complaint. This point has been decided in *Marshall* v. *Von Zumwalt,* 120 Cal.App.2d 807 [262 P.2d 363], and reaffirmed in the recent case of *S & Q Construction Co.* v. *Palma Ceia Development Organization,* 179 Cal.App.2d 364 [3 Cal.Rptr. 690]. (Petition for hearing in the Supreme Court denied May 25, 1960.) We quote from the latter case :

"It is well settled that the failure to obtain a required contractor's license will bar the contractor from recovering for his work in an action brought by him, but will not bar him from offsetting as a defense sums which would otherwise be due him under the illegal contract. 'It is to be noted that the statute merely prohibits a contractor from maintaining or bringing an action upon a contract which he has entered into pertaining to the contracting business. It does not prohibit him when sued from setting up as a defense any sums which may be equitably due him from the plaintiff upon such illegal contract. Such a contract is not *malum in se* but merely *malum prohibitum.*' "

Certainly this is right and just. The trial court was right in allowing the equitable offset.

Since the amount of the equitable offset exceeded the amount of the owners' recovery on the cross-complaint including the award of attorney's fees, it becomes unnecessary to determine whether or not the court's finding that the owners were the "successful parties" is correct.

The judgments are affirmed, each party to bear its own costs on appeal.

Griffin, P. J., and Shepard, J., concurred.