[No. B119427. Second Dist., Div. Four. Apr. 27, 1999.]

PAYKAR CONSTRUCTION, INC., Plaintiff and Appellant, v.
G. DAVID BEDROSIAN et al., Defendants and Respondents.

COUNSEL

Baker, Olson, LeCroy & Danielian, Michael S. Simon and Eric Olson for Plaintiff and Appellant.

Carlos A. Lloreda, Jr.; and James R. Balesh for Defendants and Respondents.

OPINION

**HASTINGS, J.**—Plaintiff and appellant Paykar Construction, Inc., appeals from a postjudgment order denying its motion to determine fair market value in connection with a judicial foreclosure. The sole issue on appeal is whether

the three-month period to file the motion pursuant to Code of Civil Procedure section 726, subdivision (b) begins when the foreclosure sale occurs or when the certificate of sale is recorded. We conclude that the three-month period begins when the highest bid is made at the sheriff's auction, and affirm.

## FACTS

In 1991 G. David Bedrosian and Mardiros Mihranian executed a $190,000 promissory note in favor of appellant, secured by trust deeds on homes they owned with their wives. The Bedrosians' home is in La Canada and the Mihranians' home is in Glendale.

Bedrosian and Mihranian later defaulted on the note. After appellant elected to declare the entire balance due, Bedrosian and Mihranian executed an amendment to the promissory note providing that they would pay $25,000. The check they gave appellant bounced.

In 1992 appellant filed a complaint for judicial foreclosure against the Bedrosians and the Mihranians, and appellant recorded a lis pendens.

A year and a half later, the trial court entered a judgment decreeing that the Glendale property securing the promissory note be sold and the proceeds applied to satisfy the amounts due under the note.

The property was sold for $200 on May 21, 1997.

The sheriff executed a certificate of sale of the Glendale property on June 2, 1997, and it was recorded in the Los Angeles County Recorder's office on June 5, 1997.

On September 5, 1997, appellant filed a motion to determine the fair value of the sold property and for a deficiency judgment.

The trial court denied appellant's motion without prejudice, and announced that it would consider a refiled motion as being filed on the date of the original motion, September 5. Appellant subsequently filed a renewed motion. Appellant argued that the sale of the Glendale property was not complete until the certificate of sale was recorded, and hence that his motion was filed within the three-month period of Code of Civil Procedure section 726, subdivision (b).

The court denied appellant's renewed motion, finding that the three-month rule of Code of Civil Procedure section 726, subdivision (b) runs from the

date of sale. The court wrote in its minute order, "There are no exceptions to this statute, and the court has no discretion in this matter."

## DISCUSSION

As we have stated, the sole issue on appeal is when the three-month period to bring a motion under subdivision (b) of section 726 Code of Civil Procedure begins to run. We review this issue de novo because it is a purely legal question and involves no disputed facts. (See *Edgemont Community Service Dist.* v. *City of Moreno Valley* (1995) 36 Cal.App.4th 1157, 1166 [42 Cal.Rptr.2d 823].)

Subdivision (b) of Code of Civil Procedure section 726 states in pertinent part: "The decree for the foreclosure of a . . . deed of trust secured by real property . . . shall declare the amount of the indebtedness . . . and . . . shall determine the personal liability of any defendant for the payment of the debt secured by the . . . deed of trust and shall name the defendants against whom a deficiency judgment may be ordered. . . . In the event that a deficiency is not waived or prohibited and it is decreed that any defendant is personally liable for the debt, then *upon application of the plaintiff* filed at any time *within three months of the date of the foreclosure sale* and after a hearing thereon at which the court shall take evidence and at which hearing either party may present evidence as to the fair value of the real property . . . sold as of the date of sale, *the court shall render a money judgment* against the defendant or defendants for the amount *by which the amount of the indebtedness* with interest and costs of levy and sale and of action *exceeds the fair value of the real property . . . sold as of the date of sale.*" (Italics added.)

In other words, subdivision (b) of Code of Civil Procedure section 726 requires a plaintiff to apply for a determination of the fair value of the property sold as a result of a judicial foreclosure within three months from the date of sale. The question is what does "date of the foreclosure sale" refer to: when the sheriff sells the property, referred to by appellant as the "falling of the Sheriff's hammer," or when the sheriff's certificate of sale is recorded, as appellant urges.

" 'In construing statutes, we must determine and effectuate legislative intent.' [Citation.] 'To ascertain intent, we look first to the words of the statutes' [citation], 'giving them their usual and ordinary meaning' [citation]. If there is no ambiguity in the language of the statute, 'then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs.' [Citation.] 'Where the statute is clear, courts will not

"interpret away clear language in favor of an ambiguity that does not exist." [Citation.]' [Citation.]" (*Lennane* v. *Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268 [36 Cal.Rptr.2d 563, 885 P.2d 976].)

 The statute uses the word "sale," which is defined in Black's Law Dictionary (6th ed. 1990) at page 1337, as: "A contract between two parties, called, respectively, the 'seller' (or vendor) and the 'buyer' (or purchaser), by which the former, in consideration of the payment or promise of payment of a certain price in money, transfers to the latter the title and the possession of property." The "sale" is thus the formation of the binding contract to sell the property, "when the hammer falls."

This is confirmed in a case analogous to ours, *San Paolo U.S. Holding Co.* v. *816 South Figueroa Co.* (1998) 62 Cal.App.4th 1010 [73 Cal.Rptr.2d 272]. The issue there was determination of the "fair value" of the property pursuant to Code of Civil Procedure section 726, subdivision (b). The lender contended that the language of subdivision (b) required that "fair value" be determined as of the actual date of the foreclosure sale, January 17, 1996. The borrower contended the court should look to August 24, 1995, the date the trial court entered an order for summary judgment in the matter. The Court of Appeal concluded that the language of subdivision (b) required that the date of the actual foreclosure sale be used to value the property.

" 'The method of sale is through the execution of a writ of sale. [Citations.] The sale is at auction to the highest bidder . . . and terminates upon acceptance of the last and highest bid or when the sale proceeds are sufficient to satisfy the money judgment (i.e., the debt). [Citation.]

" 'If the sale proceeds are insufficient to satisfy the amount of the indebtedness, then the creditor may apply to the court within three months of the date of the sale for a deficiency judgment subject to the "fair value" limitation of section 726.' (*Coppola* v. *Superior Court* (1989) 211 Cal.App.3d 848, 867-868 [259 Cal.Rptr. 811].)" (*San Paolo U.S. Holding Co.* v. *816 South Figueroa Co., supra,* 62 Cal.App.4th at p. 1022.)

The nonjudicial foreclosure statute provides that a sale "shall be deemed final upon the acceptance of the last and highest bid, and shall be deemed perfected as of 8 a.m. on the *actual date of sale* if the trustee's deed is recorded within 15 calendar days after the sale, or the next business day following the 15th day if the county record in which the property is located is closed on the 15th day." (Civ. Code, § 2924h, subd. (c), italics added.) Since the Legislature has reasoned that each type of foreclosure sale is to be effected at an auction to the highest bidder (Code Civ. Proc., § 701.570,

subd. (b); Civ. Code, § 2924g, subd. (a)), it is reasonable to conclude, as we do, that the Legislature intended that a judicial foreclosure sale, like its cousin, be considered final at the time of the actual sale.

Appellant argues that to interpret the word "sale" as an event occurring at the time of the auction would create a forfeiture against him and a windfall for respondents, and that we should engraft an equitable tolling doctrine in his aid. In support of this argument, he cites *Addison* v. *State of California* (1978) 21 Cal.3d 313, 320-321 [146 Cal.Rptr. 224, 578 P.2d 941], quoted in *Stalberg* v. *Western Title Ins. Co.* (1994) 27 Cal.App.4th 925, 932 [32 Cal.Rptr.2d 750], and *Bollinger* v. *National Fire Ins. Co.* (1944) 25 Cal.2d 399, 410 [154 P.2d 399], quoted in *Elkins* v. *Derby* (1974) 12 Cal.3d 410, 420, footnote 9 [115 Cal.Rptr. 641, 525 P.2d 81, 71 A.L.R.3d 839].[1] Quoting *Addison*, the *Stalberg* court held that a "plaintiff will be relieved 'from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.' [Citation.]" (*Stalberg* v. *Western Title Ins. Co., supra,* 27 Cal.App.4th at p. 932.)

None of the cases appellant cites involves antideficiency statutes.[2] The Legislature has declared its intention "to limit strictly the right to recover deficiency judgments."[3] (*Union Bank* v. *Wendland* (1976) 54 Cal.App.3d 393, 406 [126 Cal.Rptr. 549]; *Roseleaf Corp.* v. *Chierighino* (1963) 59 Cal.2d 35, 40 [27 Cal.Rptr. 873, 378 P.2d 97].) Given this legislative intent, we construe Code of Civil Procedure section 726, subdivision (b) as requiring a creditor to apply for a fair value determination within three months from the date when the sale is effected, i.e., when the highest bid is received at the auction.

---

[1]On the page cited by appellant, *Elkins* quotes *Bollinger* as stating that the California Supreme Court " 'has shown itself ready to adopt rules of procedure to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits.' "

[2]*Addison* concerns a complaint for defamation, abuse of process and conversion (*Addison* v. *State of California, supra,* 21 Cal.3d at pp. 316-317), *Bollinger* concerns an action to recover on an insurance policy (*Bollinger* v. *National Fire Ins. Co., supra,* 25 Cal.2d at p. 401), *Elkins* concerns a personal injury complaint (*Elkins* v. *Derby, supra,* 12 Cal.3d at p. 413), and *Stalberg* concerns a slander of title complaint (*Stalberg* v. *Western Title Ins. Co., supra,* 27 Cal.App.4th at p. 929).

[3]California's antideficiency statutes (Code Civ. Proc., §§ 580b, 580d and 726) "restrict a creditor's right to enforce a debt secured by a deed of trust on real property. . . . Section 726 embodies the 'one-action rule' which requires that a creditor look first to the security before attempting to obtain a personal judgment against the debtor. If the security is insufficient, the creditor's right to a 'deficiency' judgment against the debtor is governed by sections 580b and 580d. [Citation.] Section 580b bars a deficiency judgment after foreclosure of a purchase money mortgage in specified instances; section 580d bars a deficiency judgment on a note after sale under power of sale in the deed of trust." (*Evans* v. *California Trailer Court, Inc.* (1994) 28 Cal.App.4th 540, 549-550 [33 Cal.Rptr.2d 646].)

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to respondents.

Epstein, Acting P. J., and Curry, J., concurred.

A petition for a rehearing was denied May 19, 1999, and appellant's petition for review by the Supreme Court was denied July 28, 1999.