[No. B143603. Second Dist., Div. Three. Sept. 21, 2001.]

PAYKAR CONSTRUCTION, INC., Plaintiff and Respondent, v. SPILAT CONSTRUCTION CORPORATION, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 5 and 6 of the Discussion.

## Counsel

Robert T. Moulton and Todd R. Moulton for Defendant and Appellant.

Baker, Olson, LeCroy & Danielian and Eric Olson for Plaintiff and Respondent.

## Opinion

**KITCHING, J.**—Plaintiff Paykar Construction, Inc. (Paykar), a subcontractor, sued defendant Spilat Construction Corporation (Spilat), the general contractor, for breach of contract and a common count for book account. The jury found that Spilat owed Paykar $259,813. The court entered judgment for Paykar in that amount and denied Spilat's motion for judgment notwithstanding the verdict. Spilat appeals the denial of its motion, contending it is entitled to judgment in its favor as a matter of law based on several grounds arising from Paykar's prior settlement with and judicial foreclosure action against the property owners and also based on the statute of limitations. We conclude that Spilat has not shown error and affirm the order.

### Factual and Procedural Background

#### 1. *The Construction Subcontract*

Spilat was the general contractor on a construction project owned by G. David Bedrosian and others. Paykar agreed to perform concrete work as a subcontractor under a contract with both Spilat and the owners, jointly and severally, dated May 25, 1990 (the subcontract). The subcontract provided for Spilat and the owners to make progress payments as Paykar completed the work. The total amount to be paid under the subcontract was $630,000.

#### 2. *The Mechanic's Lien*

Paykar submitted a series of invoices to Spilat for work performed through April 1991, and recorded a mechanic's lien in July 1991 stating that $173,816.60 remained to be paid. On or after May 24, 1991, Spilat acknowledged the debt in a signed writing.

#### 3. *Prior Actions*

In September 1991, Paykar sued Spilat and the owners alleging causes of action against all defendants for foreclosure of the mechanic's lien, negligence, and a common count for work performed, and a cause of action

against Spilat for breach of contract. In October 1991, Paykar settled with the owners, released the mechanic's lien, and in November 1991 dismissed the entire action without prejudice. Under the terms of the settlement, the owners executed a $190,000 promissory note to Paykar secured by deeds of trust on other properties, and agreed to pay $40,000 immediately and $150,000 within six months.

In August 1992, Paykar sued the owners again for judicial foreclosure of the two trust deeds, but did not name Spilat as a defendant. In December 1993, the court awarded Paykar a judgment ordering the sale of one of the properties to satisfy the $150,000 debt outstanding under the promissory note, plus interest and late charges, and declaring the owners personally liable for any deficiency. The property was sold for only $200. On September 5, 1997, Paykar moved to determine the fair value of the property and for a deficiency judgment, but the court denied the motion as untimely. Paykar appealed the denial, and the Court of Appeal affirmed in *Paykar Construction, Inc. v. Bedrosian* (1999) 71 Cal.App.4th 803 [84 Cal.Rptr.2d 135].

### 4. *The Present Action*

On May 24, 1995, Paykar sued Spilat again in the present action, alleging causes of action for breach of contract and a common count for book account. The complaint alleges that Spilat failed to pay $173,816.60 due under the contract in 1991, and that the amount due later was liquidated at $190,000 of which only $40,000 had been paid. Spilat asserted various affirmative defenses in its answer, but did not assert the one form of action rule of Code of Civil Procedure section 726 as an affirmative defense. The court granted leave to amend the answer to assert an affirmative defense based on Code of Civil Procedure section 726 shortly before trial.

In March 2000, the case proceeded to a jury trial. The record on appeal does not include a reporter's transcript of the trial proceedings. The jury returned special verdicts finding that Spilat executed the contract with Paykar, there was a substantial breach of the subcontract as of July 9, 1990, Spilat acknowledged its debt under the subcontract on or after May 24, 1991, Paykar maintained a book account showing that the last payment was made on or after May 24, 1991, and Paykar suffered $259,813 in damages caused by the breach of contract.

Spilat moved for judgment notwithstanding the verdict or a new trial. It argued that both its debt to Paykar and the owners' debt to Paykar were based on the same obligation to pay for work performed under the subcontract, and that therefore when the owners provided a promissory note in lieu

of their original debt Spilat's debt was "merged" into the promissory note and extinguished. It argued further that the one form of action rule (Code Civ. Proc., § 726) precluded an action against Spilat based on the same debt that was the subject of the prior judicial foreclosure action against the owners, and that the judgment in the judicial foreclosure action conclusively determined all of Paykar's rights arising from the subcontract and precluded Paykar's claims against Spilat in the present action under the doctrine of res judicata or collateral estoppel. Spilat also argued that the four-year limitations period for breach of contract began to run upon the first substantial breach in July 1990, as determined by the jury, and that the jury's finding that Spilat had acknowledged the debt within four years before the complaint was filed was moot because the complaint did not allege a written acknowledgement.

The court denied the motion. Spilat appeals the denial of its motion for judgment notwithstanding the verdict.

## Contentions

Spilat contends it is entitled to judgment in its favor as a matter of law because (1) its debt under the subcontract was "merged" into the owners' promissory note to Paykar, which caused a novation and extinguished Spilat's debt; (2) Civil Code section 3152 allows Paykar to enforce Spilat's obligation only if the action is simultaneous with an action against the owners to foreclose a mechanic's lien securing the same debt, and not after an action against the owners; and (3) the one form of action rule (Code Civ. Proc., § 726, subd. (a)) precludes an action against Spilat based on the same debt that was the subject of the prior judicial foreclosure action against the owners. We address Spilat's other contentions in the unpublished portion of this opinion.

## Discussion

1. *Standard of Review*

A party is entitled to judgment notwithstanding the verdict only if there is no substantial evidence to support the verdict and the evidence compels a judgment for the moving party as a matter of law. (*Clemmer v. Hartford Insurance Co.* (1978) 22 Cal.3d 865, 877-878 [151 Cal.Rptr. 285, 587 P.2d 1098].) The trial court must view the evidence in the light most

favorable to the verdict, disregard conflicting evidence, and indulge in every legitimate inference to support the verdict. (*Ibid.*)

On appeal, we determine de novo whether there is substantial evidence to support the verdict and whether the moving party is entitled to judgment in its favor as a matter of law. (*Shapiro v. Prudential Property & Casualty Co.* (1997) 52 Cal.App.4th 722, 730 [60 Cal.Rptr.2d 698].) Since Spilat does not contend there is no substantial evidence to support the jury's findings of fact, our review is limited to legal questions concerning whether the evidence establishes a complete defense as a matter of law notwithstanding the jury's findings.

### 2. *Novation*

■ A novation is the substitution of a new obligation for an existing obligation. (Civ. Code, § 1530.) It involves either the substitution of a new obligation between the same parties with the intent to extinguish the old obligation, substitution of a new debtor for the old debtor with the intent to release the old debtor, or substitution of a new creditor for the old creditor with the intent to transfer the rights to the new creditor. (Civ. Code, § 1531.) A novation is made by contract and is governed by contract law. (Civ. Code, § 1532.)

■ Spilat contends Paykar's settlement with the owners, acceptance of the promissory note in lieu of the owners' original debt, and release of the mechanic's lien compel the conclusion as a matter of law that Paykar intended to substitute the promissory note not only for the owners' obligation to pay the amount due for work performed under the subcontract, but also for Spilat's obligation to pay the amount due under the subcontract.

We see no indication in the record on appeal that Paykar intended to extinguish Spilat's obligation, let alone evidence that would compel that conclusion. There is no document stating that Spilat's obligation is extinguished or excused in any manner, and the events surrounding the settlement do not establish as a matter of law that Paykar intended to excuse Spilat's debt. Of particular note is the fact that upon settling with the owners, Paykar dismissed its first action against Spilat and the owners *without prejudice*, thereby preserving its rights against Spilat.

### 3. *Civil Code Section 3152*

■ Civil Code section 3152 states that the statutes governing mechanics' liens and stop notices for works of improvement do not affect the right of a

claimant to obtain and enforce a judgment against the person personally liable for the debt either in an action to foreclose the lien or in a separate action, and that any money collected on a personal judgment must be credited against the lien.[1]

Spilat contends Civil Code section 3152 preserves a mechanic's lien claimant's right to enforce a personal debt only if the action to enforce the personal debt is simultaneous with an action to foreclose the lien.

There is nothing in Civil Code section 3152 to suggest that a mechanic's lien claimant may enforce a personal debt only if the action to enforce the personal debt is simultaneous with an action to foreclose the lien. The cases cited by Spilat stating that an action to enforce the personal debt may be simultaneous with an action to foreclose the lien (*Norman v. Berney* (1965) 235 Cal.App.2d 424, 430 [45 Cal.Rptr. 467]; *Culbertson v. Cizek* (1964) 225 Cal.App.2d 451, 468 [37 Cal.Rptr. 548]; *Adolph v. Municipal Court* (1960) 181 Cal.App.2d 198, 200 [5 Cal.Rptr. 212]) do not hold or suggest that it must be so, and Spilat has not explained why that should be the rule. Moreover, Civil Code section 3152 is permissive, not prohibitive, and it does not prohibit a mechanic's lien claimant from enforcing a personal debt after foreclosing or releasing the lien.

### 4. *Code of Civil Procedure Section 726*

As stated, Spilat contends the one form of action rule, Code of Civil Procedure section 726, precludes the present action because it is based on the same debt that was the subject of the prior judicial foreclosure action against the owners of the real property. We reject this contention.

The one form of action rule of Code of Civil Procedure section 726, subdivision (a) provides that the only action available to enforce a debt secured by a real property mortgage or deed of trust is a judicial foreclosure

---

[1]"Nothing contained in this title affects the right of a claimant to maintain a personal action to recover a debt against the person liable therefor either in a separate action or in the action to foreclose the lien, nor any right the claimant may have to the issuance of a writ of attachment or execution or to enforce a judgment by other means. In an application for a writ of attachment, the claimant shall refer to this section. A lien held by the claimant under this chapter does not affect the right to procure a writ of attachment. The judgment, if any, obtained by the claimant in a personal action, or personal judgment obtained in a mechanic's lien action, does not impair or merge a lien held by the claimant under this chapter, but any money collected on the judgment shall be credited on the amount of the lien." (Civ. Code, § 3152.)

action. (*Ghirardo v. Antonioli* (1996) 14 Cal.4th 39, 47 [57 Cal.Rptr.2d 687, 924 P.2d 996].) The creditor must exhaust the security before proceeding against the debtor personally, unless the debtor waives the protections of the rule in an action by a creditor against the debtor personally by failing to assert the rule as an affirmative defense. (*Security Pacific National Bank v. Wozab* (1990) 51 Cal.3d 991, 1004-1005 [275 Cal.Rptr. 201, 800 P.2d 557]; *Walker v. Community Bank* (1974) 10 Cal.3d 729, 738 [111 Cal.Rptr. 897, 518 P.2d 329].)

A creditor is entitled to a deficiency judgment against a debtor after a judicial foreclosure sale only as provided by Code of Civil Procedure section 726. (*Ghirardo v. Antonioli, supra,* 14 Cal.4th at pp. 47-48.) The creditor must apply to the court within three months after the foreclosure sale to determine the fair value of the property as of the date of sale, and then is entitled to a judgment against the debtor for the difference between the amount of the debt and the greater of the fair value of the property or the sales price. (Code Civ. Proc., § 726, subd. (b).)

One of the primary purposes of Code of Civil Procedure section 726 is to prevent a multiplicity of suits against the debtor to enforce the secured debt. (*Security Pacific National Bank v. Wozab, supra,* 51 Cal.3d at p. 1002; *Walker v. Community Bank, supra,* 10 Cal.3d at pp. 735-736.)

Courts have held that all joint obligors for the same debt are entitled to the protections of Code of Civil Procedure section 726, including those obligors who did not provide the security, in circumstances where the joint debt and the security arose from the same transaction. In *Pacific Valley Bank v. Schwenke* (1987) 189 Cal.App.3d 134 [234 Cal.Rptr. 298], two parties signed a promissory note secured by trust deeds that were provided by only one of the parties. The beneficiary bank later reconveyed the trust deeds by agreement with the trustor upon receipt of some payments and sued both trustors on the note. (*Id.* at pp. 137-138.) The appellate court held that Code of Civil Procedure section 726 protected both debtors. Only one debtor—the trustor—consented to the beneficiary bank's release of the security. Therefore the bank's release of that security and suit against the other debtor on the promissory note represented an impermissible attempt to recover a personal judgment against the other debtor without first exhausting the security. (*Pacific Valley Bank,* at pp. 141-142.) The court's conclusion reflected the understanding by the bank and the debtor that the note and trust deed formed a single, secured loan contract. (*Id.* at p. 141.)

*Shin v. Superior Court* (1994) 26 Cal.App.4th 542 [31 Cal.Rptr.2d 587] involved comakers of a promissory note secured by a trust deed on California property. The beneficiary bank sued one of the comakers in Korea and

obtained a prejudgment attachment against his real property there. (*Id.* at p. 544.) The appellate court held that the Korean suit was an action to obtain additional security for the loan rather than exhaust the agreed security and therefore violated Code of Civil Procedure section 726, resulting in the loss of the California security. (*Shin*, at pp. 548-549.) The court held that since the note and trust deed were part of the same secured transaction, the comakers who were not sued in Korea also were protected by Code of Civil Procedure section 726, and the loss of security extended to all comakers. (*Shin*, at pp. 552-554.) ·

 These cases are distinguishable from the present case because Spilat and the owners of the real property were not jointly liable for the same debt arising from a secured transaction, and neither they nor Paykar reasonably could have expected that Code of Civil Procedure section 726 would apply to Spilat's unsecured obligation. Spilat and the owners were jointly and severally liable to Paykar under the unsecured subcontract. The owners' separate secured obligation arose from another contract: the owners' settlement with Paykar, to which Spilat was not a party. The owners are entitled to the protections of Code of Civil Procedure section 726 with respect to their secured debt under the settlement with Paykar, but Spilat is not entitled to the protections of the statute with respect to its unsecured debt under the subcontract.

Paykar prosecuted a judicial foreclosure action against the owners but did not timely apply for a deficiency judgment after the foreclosure sale as required by Code of Civil Procedure section 726, subdivision (b). Paykar has had its one action against the owners as provided under the statute and cannot now recover a deficiency judgment against the owners. Nonetheless Paykar's action against the owners does not preclude its present action against Spilat, because the owners and Spilat were not jointly liable for the same debt arising from a secured transaction.

5., 6.*

. . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 488.

## DISPOSITION

The order is affirmed. Paykar shall recover its costs on appeal.

Croskey, Acting P. J., and Aldrich, J., concurred.